IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,917-01






EX PARTE MICHAEL WELDON ESTES, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 03CR2512-83 IN THE 10TH JUDICIAL DISTRICT COURT


FROM GALVESTON COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault of a child and
sentenced to thirty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. Estes
v. State, No. 14-04-01094-CR (Tex. App. - Houston [14th Dist.] June 13, 2006, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because he
failed to point out discrepancies between the offense as alleged in the indictment and the jury charge, and
failed to cross-examine the complainant regarding similar accusations she had made against other family
members. Trial counsel has provided an affidavit in response to Applicant's writ. While the affidavit
addresses most of Applicant's claims, it does not address these two claims specifically. The trial court has
entered an order finding that no controverted previously unresolved facts or issues exist which would entitle
Applicant to relief. However, the habeas record as it exists is insufficient to support the trial court's finding. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the indictment upon which
the trial was had, the jury charge, the verdict forms, and the reporter's record. The trial court shall then
make findings of fact as to whether counsel cross-examined the complainant regarding her accusations
against individuals other than Applicant. The trial court shall also make findings as to whether the indictment
upon which Applicant was tried alleged indecency with a child by alternate manners and means, and
whether the jury charge tracked the language in the indictment. The trial court shall make findings as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: December 12, 2007

Do not publish